UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

SAMUEL NICKLAS BREWER,

                Plaintiff,

    -against-                            1:17-CV-0839 (LEK/DJS)

NEW YORK STATE DEPARTMENT
OF HEALTH, *et al.*,

                Defendants.

---

## DECISION AND ORDER

## I.    INTRODUCTION

Plaintiff Samuel Brewer, proceeding pro se, brings this action against the New York State Department of Health ("NYSDOH"), NYSDOH Commissioner Howard Zucker, and Special Assistant to the Commissioner John Allen. Dkt. No. 1 at 1–6 ("Complaint").[1] Plaintiff alleges, pursuant to 42 U.S.C. § 1983, that Defendants violated his rights under the Second Amendment of the United States Constitution and denied him due process by providing erroneous information to the National Instant Criminal Background Check System ("NICS") regarding Plaintiff's mental health, which disqualified him from owning a firearm pursuant to 18 U.S.C. § 922(g)(4). Compl. at 4. Defendants moved to dismiss the Complaint. Dkt. Nos. 12 ("Motion"); 12-1 ("Memorandum"). For the reasons that follow, the Motion is granted.

---

[1] The cited page numbers for this document refer to those generated by the Court's electronic filing system ("ECF").

## II.    BACKGROUND

### A.  Factual History

The facts stated in this section are set forth as alleged in the Complaint.[2] On

April 10, 2014, the Federal Bureau of Investigation ("FBI") sent Plaintiff a letter informing him

that, according to the NICS database, he was disqualified from possessing firearms under federal

law because he "ha[d] been adjudicated as a mental defective or . . . committed to a mental

institution." Dkt. No. 1 at 8 ("FBI Letter"); see also 18 U.S.C. § 922(g)(4) (prohibiting anyone

"who has been adjudicated as a mental defective or who has been committed to a mental

institution" from possessing firearms). Plaintiff maintains that he was never adjudicated as a

mental defective and had never been committed to a mental institution. Compl. at 4. He alleges

that Allen retrieved "erroneous information [regarding Plaintiff's mental health] through third

parties" and reported that information to the NICS database. Id.

### B.  Procedural History

Plaintiff commenced this action on August 1, 2017. Compl. Construed liberally, the

Complaint alleges that Defendants (1) violated Plaintiff's constitutional due process rights

because they did not notify him that they had reported information about his mental health to the

NICS database, and (2) violated his rights under the Second Amendment by reporting erroneous

information that disqualified him from possessing firearms. Dkt. No. 1 at 7 ("Attachment A").

---

[2] Plaintiff attached several documents to his Complaint. Dkt. No. 1 at 7–10. To the extent that the attached documents are relevant to the incidents described in the Complaint, they have been considered by the Court. See Sira v. Morton, 380 F.3d 57, 67 (2d Cir. 2004) (stating that the court may consider any written documents that are attached to a complaint, incorporated by reference, or are "integral" to it).

Defendants moved to dismiss the Complaint, Mot.; Mem., Plaintiff responded to the Motion,

Dkt. No. 15 ("Response"), and Defendants filed a reply brief, Dkt. No. 16 ("Reply").

## III.    LEGAL STANDARD

To survive a motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6) of the

Federal Rules of Civil Procedure, a "complaint must contain sufficient factual matter, accepted as

true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678

(2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). A court must accept as

true the factual allegations contained in a complaint and draw all inferences in favor of the

nonmoving party. Allaire Corp. v. Okumus, 433 F.3d 248, 249–50 (2d Cir. 2006). Plausibility,

however, requires "enough fact[s] to raise a reasonable expectation that discovery will reveal

evidence of [the alleged misconduct]." Twombly, 550 U.S. at 556.

The plausibility standard "asks for more than a sheer possibility that a defendant has acted

unlawfully." Iqbal, 556 U.S. at 678 (citing Twombly, 550 U.S. at 556). "[T]he pleading standard

Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an

unadorned, the-defendant-unlawfully-harmed-me accusation." Id. (quoting Twombly, 550 U.S.

at 555). Where a court is unable to infer more than the mere possibility of the alleged misconduct

based on the pleaded facts, the pleader has not demonstrated that she is entitled to relief and the

action is subject to dismissal. Id. at 678–79.

Finally, given Plaintiff's pro se status, the Court is obligated to construe the allegations in

the Amended Complaint with the utmost leniency. See Haines v. Kerner, 404 U.S. 519, 520

(1972) (holding that a pro se litigant's complaint is to be held "to less stringent standards than

formal pleadings drafted by lawyers").

3

IV.    **DISCUSSION**

Defendants argues in support of their Motion that (1) Plaintiff's claims are time-barred, (2) he fails to state a claim under § 1983, (3) his claims are barred by the Eleventh Amendment, and (4) Allen and Zucker have statutory immunity from monetary damages for reporting information about Plaintiff to the NICS database. Mem. at 5–11. The Court agrees that the Complaint must be dismissed because the claims alleged are barred by the statute of limitations under New York law.

The statute of limitations for a § 1983 claim is the same as New York's statute of limitations for personal injuries actions, which is three years. Malloy v. State, No. 94-CV-465, 1995 WL 758791, at *1 (S.D.N.Y. Dec. 21, 1995) (quoting Owens v. Okure, 488 U.S. 235, 250 (1989)). "While state law supplies the limitations period for § 1983 actions, federal law governs the date such a claim accrues." Id. (citing Eagleston v. Guido, 41 F.3d 865, 871 (2d Cir. 1994)). "Under federal law, the statute of limitations begins to run when the plaintiff knows or has reason to know of the injury that forms the basis of the action." Id. (citing Eagleston, 41 F.3d at 871).

Here, the FBI sent Plaintiff a letter dated April 10, 2014, informing him that NYSDOH reported to the NICS database that he "ha[d] been adjudicated as a mental defective or . . . been committed to a mental institution." FBI Letter; see Compl. at 4 ("The [FBI] informed me of a database flag entry via letter on April 10th, 2014."). Plaintiff did not commence this action, which is premised on NYSDOH's allegedly erroneous reporting, until August 1, 2017, more than three years later.

Plaintiff argues that "there is no evidence to suggest when [he] received the letter, or when it was opened." Resp. at 9. However, "'[n]ormally it is assumed that a mail document is received three days after its mailing,' and it is 'normally presumed that a notice provided by a governmental agency has been mailed on the date shown on the notice.'" Edwards v. Onondaga Cmty. Coll., No. 15-CV-1329, 2015 WL 7283187, at *3 (N.D.N.Y. Nov. 16, 2015) (quoting Sherlock v. Montefiore Med. Ctr., 84 F.3d 522, 525–26 (2d Cir. 1996)). A plaintiff can rebut this presumption by providing facts "from which it could reasonably be inferred either that the notice was mailed later than its typewritten date or that it took longer than three days to reach [the claimant] by mail." Id. at *4 (quoting Sherlock, 84 F.3d at 526) (alteration in original). Plaintiff does not state that he received the FBI Letter after April 13, 2014, or that he never received it. Instead, he simply places the burden on Defendants to prove when he received the letter, which is insufficient to rebut the presumption that he received it by April 13, 2014. Therefore, the Court finds that, by April 13, 2014, Plaintiff knew, or at least had reason to know, that NYSDOH had reported allegedly erroneous information to the NICS database. Accordingly, the statute of limitations for his § 1983 claims began running on that date.

New York law provides that the statute of limitations can be tolled if certain circumstances are present—for instance, if Plaintiff could "show due diligence and that he was 'under a disability because of infancy or insanity at the time the cause of action accrue[d],' or that he 'was induced by fraud, misrepresentations or deception to refrain from filing a timely action." Thomas v. City of New York, No. 15-CV-3236, 2015 WL 4897157, at *2 (E.D.N.Y. Aug. 17, 2015) (quoting N.Y.C.P.L.R. § 208 and Abbas v. Dixon, 480 F.3d 636, 642 (2d Cir. 2007)). Moreover, equitable tolling of the statute of limitations could apply if Plaintiff "show[ed] that

extraordinary circumstances prevented him from filing his petition on time," and that he "acted with reasonable diligence throughout the period he seeks to toll." Smith v. McGinnis, 208 F.3d 13, 17 (2d Cir. 2000). Plaintiff does not explain, either in his Complaint or in his Response, why he waited nearly three and a half years from the day he received the FBI Letter to commence this action. Certainly, Plaintiff's suggestion that he may not have opened the letter promptly because he was "in the midst of changing residences . . . and . . . traveling," Resp. at 9, does not establish that he faced "extraordinary circumstances" that would justify equitable tolling, and does not suggest a plausible basis for tolling under New York law.

Because no facts alleged in the Complaint or in the Response provide a basis for tolling the limitations period for § 1983 claims, the Court finds that Plaintiff's claims are time-barred.

The Second Circuit has stated that a "court should not dismiss [a pro se complaint] without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." Cuoco v. Moritsugu, 222 F.3d 99, 112 (2d Cir. 2000) (quoting Gomez v. USAA Fed. Sav. Bank, 171 F.3d 794, 795 (2d Cir. 1999)). However, it is clear from the Complaint, and from Plaintiff's meager discussion of the statute of limitations issue in his Response, that an amended complaint would not remedy the untimeliness of his claims. Because granting leave to amend would be futile, the Court dismisses the Complaint with prejudice. See Baker v. Bank of America, N.A., 706 F. App'x 43, 44 (2d Cir. 2017) (affirming district court's dismissal with prejudice of untimely pro se complaint where the plaintiff alleged no facts that could form the basis for statutory or equitable tolling) (summary order); Judge v. New York City Transit Auth., No. 99-CV-927, 1999 WL 1267462, at *2 (S.D.N.Y. Dec. 29,

1999) (dismissing untimely claims with prejudice because "plaintiff does not suggest any reason at all for tolling . . . and there is no basis for concluding that tolling would be appropriate").

## V.      CONCLUSION

Accordingly, it is hereby:

**ORDERED**, that Defendants' Motion (Dkt. No. 12) is **GRANTED**; and it is further

**ORDERED**, that the Complaint (Dkt. No. 1) is **DISMISSED with prejudice**; and it is further

**ORDERED**, that the Clerk of the Court is directed to enter judgment for Defendants and to close this case; and it is further

**ORDERED**, that the Clerk of the Court serve a copy of this Decision and Order on all parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

DATED:        February 05, 2018
              Albany, New York

Lawrence E. Kahn
U.S. District Judge